THE STATE OF IOWA V. FLEMING.

1. ATTORNEY GENERAL AND DISTRICT ATTORNEY. A criminal cause is under the control of the District Attorney until the Supreme Court acquires jurisdiction, after which it is under the sole control of the Attorney General.

2. APPEAL. A criminal cause cannot be appealed to the Supreme Court after the expiration of one year from the rendering of the judgment complained of.

*Appeal from Louisa District Court.*

WEDNESDAY, JUNE 18.

THE defendant was accused of intoxication, was found guilty, and sentenced to pay a fine of ten dollars and be imprisoned for thirty days. The cause was appealed to the District Court, and the trial was attended with the same result. The further facts necessary to an understanding of the question raised are presented in the opinion of the court.

*J. H. Hurley* for the appellant.

*C. C. Nourse,* Attorney General, for the State.

BALDWIN, C. J. — In this cause, an agreement was made between the District Attorney and the attorney for the defendant, that an appeal might be taken by the defendant to the Supreme Court, notwithstanding the fact that more than one year had expired after the judgment of the District Court had been rendered.

The Attorney General now asks that the cause be stricken from the docket, denying the power of the District Attorney to make any agreement which would either waive or prejudice the rights of the State in this court.

It is made the duty of the Attorney General to defend for the State all causes in the Supreme Court in which the

State may be a party, or interested. Revision, § 124. It is made the duty of the District Attorney to appear for the State in the several counties of his district in which the State or any such county may be a party. He is also required, in any cases taken from his district to the Supreme Court, to furnish the Attorney General a brief, containing the substance of such proceeding, and the questions therein involved, &c. See Rev., § 374. These provisions of the statute plainly define the duties of each of said officers, and there is no room for a controversy as to the powers that each possess.

While the case is in the District Court, it is without doubt, under the control of the District Attorney. Any agreement he may make with reference to the disposition of the cause, so far as it is proper, or within the limits of the law, should be regarded as binding. When the case is in the Supreme Court, it is then under the control of the Attorney General. Section 4906 provides that no appeal can be taken until after judgment, and then only within one year thereafter.

This court cannot, under this provision, acquire jurisdiction of a cause until there has been judgment rendered. The parties cannot, even by agreement, appeal from the ruling of the District Court upon a motion to quash or a demurrer to an indictment. There must be a judgment rendered before either party can appeal. The same may be said with reference to the latter clause of this section. It is equally, if not more, imperative. It is the policy of the law that all criminal litigation should be as early terminated as possible. In view of this policy, this provision was enacted. If a party fails to prosecute his remedy by appeal for one year after judgment, such right is forever at an end, and this court has no power to entertain jurisdiction of a cause after this time has elapsed. Nor do we think that the consent of the attorney for the State can confer such jurisdiction.  Dismissed.