GEORGE COSSON, Attorney-General of the State of Iowa, Plaintiff, v. C. B. BRADSHAW, Judge of the 17th Judicial District of the State of Iowa, Defendant.

**Attorney general:** POWERS IN CRIMINAL CASES. The powers and duties of the attorney general in criminal cases are only those which are conferred upon him by the statutes.

**Same:** APPEARANCE BEFORE GRAND JURIES: TRIBUNAL. By the Act of the thirty-third general assembly the attorney general is made the head of the department of justice, and is required to appear for the state and prosecute and defend all causes in the supreme court; and when in his judgment the interests of the state require it he shall appear before any other court or tribunal and prosecute or defend all proceedings, either civil or criminal, in which the state may be interested; and under this statut, he may appear before the grand jury of any county in the state, whenever in his judgment the interests of the state so demand, the term tribunal including grand juries.

**Statutes:** CONSTRUCTION. Statutes should be construed so as to effectu-
3   ate the intention of the legislature; and the law prior to the enact-
      ment and the particular wrong intended to be remedied should be
      considered.

*Appeal from Marshall District Court.*—HON. C. B. BRAD-
SHAW, Judge.

TUESDAY, JUNE 3, 1913.

PROCEEDINGS by certiorari to test the right of the Attor-
ney-General to appear before the grand jury in the county
of Marshall. The right was denied by the court below. The
order denying the right is *Annulled.*

*George Cosson,* Attorney-General and JOHN FLETCHER,
Assistant Attorney-General, for plaintiff.

*Anthony C. Daly,* County Attorney, for defendant.

GAYNOR, J.—It appears that on the 18th day of March,
1913, the plaintiff herein filed in the district court of Mar-
shall county, Iowa, the following motion:

In the District Court of Marshall County, Iowa.

In the Matter of the Impaneling of the Grand Jury for the
March Term of the District Court.

Motion for Permission to Appear before the Grand Jury.

Comes now George Cosson, the duly elected, qualified and
acting Attorney General of the state of Iowa, by John
Fletcher, the duly appointed and acting Assistant Attorney
General of the state of Iowa, and moves the court that he be
permitted to appear in person and by John Fletcher, his
assistant, before the grand jury of this county to present
evidence in matters in which the state of Iowa is a party and
interested, to wit: Evidence that certain crimes have been

committed in violation of the laws of the state of Iowa that it is the duty of the grand jury to investigate. That unless permitted to appear before said grand jury a proper presentment of the evidence of the commission of certain crimes will not be made to such grand jury and the interests of the state of Iowa will be jeopardized.

That on the same day Anthony C. Daly, county attorney of Marshall county, filed the following objections to the appearance of the Attorney General, before the grand jury of that county:

### The State of Iowa v. Dell Peeper.

Objections to Granting Leave to the Attorney General to Appear and Prosecute in the Grand Jury.

The county attorney appearing showeth to the court the very great probability of the futility of the work of the grand jury and the waste of the money of the county consequent thereupon if any other than the duly authorized attorney is in the grand jury chamber in the investigation of the cause as in the caption hereof is entitled.

The sole desire of the county attorney is to preserve the regularity of procedure in the criminal investigation and to prevent the raising of questions hereafter tending to the impairment of the usefulness of that body in its hearings and presentments.

The county attorney has no wish nor thought to place obstacles in the path of the Attorney General in his work and makes no personal objection whatever. The county attorney is endeavoring herein to place beyond doubt the deliberations and the presentments of the grand jury and to prevent the court and the Attorney General from falling into error. The county attorney shows that the section of Code conferring so much authority upon the Attorney General does not authorize the attorney to appear in the inquisitions of the grand jury of the county as the prosecutor. It is apparent that the Attorney General may appear in the courts and other tribunals, but the grand jury is neither a court nor a tribunal.

The grand jury is an informing and accusing body, rather than a judicial tribunal. It is a separate and independent

body acting apart from the court after it is organized. A tribunal is the seat of a judge; the place where he administers justice; a judicial court; a bench of judges. The county attorney is of the opinion that, until the Legislature specifically authorizes the Attorney General to enter upon the work of the grand jury, he should not be permitted therein. Again the county attorney urges that his sense of duty impels him to prevent the Attorney General and the court from committing prejudicial error at the very threshold of the grand jury work for this March term.

That thereupon the following entry was made by the presiding judge of said court, the defendant herein:

Second day of March, 1913, term, it being March 18, 1913. In the matter of the grand jury for March term, 1913. Now, to wit, March 18, 1913, grand jurors drawn, Fisher sworn as foreman, and grand jurors sworn. Defendant Dell Peeper appears in person and by counsel before the grand jury, and Ren Long appears by counsel and each waive all objections to grand jury, and each member thereof. J. H. Fisher appointed foreman of the grand jury. After the grand jury had been impaneled, the Assistant Attorney General of Iowa filed a motion that he, as a representative of the Attorney General, have permission by the court to appear before the grand jury for the purpose of presenting evidence to that body in matters in which the state of Iowa is a party and interested; that is, evidence that certain crimes have been committed in violation of the laws of Iowa. The county attorney appears and filed objections to such permission being granted, as shown by the writing filed with the clerk, and after argument with counsel for and against such motion, and the court having duly considered the same, the court overruled said motion, and denies the permission asked by the Attorney General, to which the said Attorney General at the time duly excepts.

The matter is brought to this court on certiorari. The question here presented is whether the district court exceeded its jurisdiction or acted otherwise illegally in denying permission to the Attorney General to appear before the grand jury of Marshall county under the showing made in this case.

Chapter 9 of the Acts of the Thirty-Third General Assembly regulates the duties and powers of the Attorney General of this state in so far as the duties and powers of the Attorney General are regulated by statute. Section 3 of said chapter provides:

It shall be the duty of the Attorney General:

1. To appear for the state, prosecute and defend all causes in the Supreme Court in which the state is a party, or interested.

2. When requested to do so by the Governor, executive council, or General Assembly, or when, in his judgment, the interests of the state require, he shall appear for the state before any.other court or tribunal, prosecute or defend all actions and proceedings, civil or criminal, in which the state may be a party or interested.

5. To exercise supervisory powers over county attorneys in all matters pertaining to the duties of their office, and, from time to time, require of them reports as to the condition of public business entrusted to their charge.

Chapter 17 of the Acts of the Thirty-Third General Assembly, section 2, defines the duties of the county attorney.

Sec. 2. It shall be the duty of the county attorney:

1st. To diligently enforce, or cause to be enforced in his county, all the laws of the state, actions for a violation of which may be commenced or prosecuted in the name of the state of Iowa, or by him, as county attorney, except such laws, the enforcement of which, is exclusively enjoined upon others, by statute.

2d. To appear for the state and county in all cases, and proceedings in the courts of his county, to which the state or county is a party, and in the Supreme Court in all cases in which the county is a party.

3d. To appear and prosecute all preliminary hearings before a justice of the peace upon charges triable upon indictment.

4th. To appear and prosecute misdemeanors before justices of the peace, whenever he is not otherwise engaged in the performance of official duties.

8th. To attend the grand jury whenever necessary for the purpose of examining witnesses before it, or of giving it legal advice, or to procure subpœnas or other process for witnesses; to prepare all bills of indictment; but he must not be present when an indictment is considered or found.

Section 5265 provides:

Such attorneys shall be allowed at all times to appear before the grand jury on his own request, for the purpose of giving information relative to any matter cognizable by it; but neither he nor any other officer or person, except the grand jury, must be present when the question is taken upon the finding of an indictment.

The duties and powers of the Attorney General are defined by statute, and we take it that the Legislature has given to him by the statute all the powers that in their judg-

1. ATTORNEY GEN-ERAL: powers in criminal cases.

ment he ought to be permitted to exercise, and they imposed upon him all the duties which, in their judgment, should be imposed upon him as such officer. It is claimed, however, that he has large common-law powers which are not provided for in the statute, having their origin somewhere in the early dawn of civilization, but under the revision of 1860 (section 124), which defined the duties and powers of the then Attorney General, and which read as follows: ''The Attorney General shall appear for the state and prosecute and defend all suits and proceedings, civil and criminal, in which the state shall be a party or interested when requested to do so by the Governor, or other state officers and shall prosecute and defend for the state all causes in the Supreme Court in which the state may be a party, or interested''—this court has held that he had no power to appear and prosecute a criminal case in any court except the Supreme Court, because no other power was given him by the statute.

In the case of *State v. Fleming*, 13 Iowa, 443, this court said:

It is the duty of the Attorney General to defend for the state all cases in the Supreme Court in which the state may be a party, or interested. Revision, section 124. It is the duty of the district attorney to appear for the state in the several counties of his district in which the state or any such county may be a party. He is also required, in any case taken from this court to the Supreme Court, to furnish the Attorney General a brief containing the substance of such proceedings and the questions therein involved. Revision, section 374. These provisions of the statute plainly define the duties of said officers, and there is no room for controversy as to the power of each. While the case is in the district court, it is, without doubt, under the control of the district attorney. When the case is in the Supreme Court, it is then under the control of the Attorney General.

In *State of Iowa v. Grimmell*, 116 Iowa, 596, it was contended that the Attorney General alone had the power to take and perfect an appeal in a criminal case to the Supreme Court. This court said:

Section 208 [of the Code of 1897] makes it the duty of the Attorney General to prosecute and defend all cases in the Supreme Court in which the state is a party or is interested. Manifestly the Attorney General has nothing to do with a criminal case until it reaches this court. While in the district court the county attorney has sole charge of it, and by section 301 the county attorney is expressly required to furnish the Attorney General with an abstract of all cases appealed to the Supreme Court. This clearly indicates that the county attorney, and he alone, may give notice of appeal in a criminal case. . . . No doubt, when the case is appealed the Attorney General obtains full control of it, but until the appeal is perfected he has no authority in the matter.

From the foregoing it is apparent that the Attorney General's powers, in criminal cases, are limited to those conferred upon him by the statute. That the Legislature had power, by proper legislative enactment, to give to the Attorney General the right herein contended for is not questioned. Nor is the power granted to the Attorney General by chapter

9 of the Acts of the Thirty-Third General Assembly thought to be beyond the constitutional power of the Legislature to grant. It is contended, however, that the power granted by this chapter does not include within it, when properly construed, the right herein claimed that a grand jury is not a tribunal within the meaning of this statute. If the Legislature had said, "It shall be the duty of the Attorney General, when, in his judgment the interests of the state require, to appear for the state before any court, or grand jury duly impaneled in said court, for the purpose of giving information relative to any matter cognizant by it, and for the purpose of examining witnesses, or of giving it legal advice touching matters pending before it," there would be no controversy between the Attorney General and the county attorney such as has arisen in this case. The fair administration of public justice requires that there be no unseemly controversies between the duly constituted officers of the state in the prosecution of the criminal laws of the state, and such controversies ought to be avoided in all cases where they tend to impede or obstruct the full and complete enforcement of our criminal law. The question, therefore, here presented to us is: Did the Legislature by the enactment of chapter 9 give to the Attorney General such power?

It will be noticed that the Legislature has given to the Attorney General the right to appear before *any court* or *tribunal* within the state, when, in his judgment, the interests

2. SAME: appearance before grand juries: tribunal.

of the state require him to do so. That by the use of the word *tribunal* in this statute the Legislature intended to authorize and empower the Attorney General to appear before the several grand juries of the several counties of the state, whenever, in his judgment, the interests of the state required him to do so, we think is not only made manifest by the use of the word *tribunal,* but by the whole trend and tenor of chapter 9, in which this word is used. At the very threshold of this enactment, the purpose of the Legislature is made manifest.

It provides there shall be at the seat of government, a department to be known as the department of justice, and the Attorney General shall be the head thereof, and shall have supervisory power over county attorneys in all matters pertaining to the duties of their office, and shall, from time to time, require of them reports as to the condition of the public business intrusted to their charge.

The grand jury is a constituent of the court of criminal jurisdiction. True, it is a distinct and independent body, and must deliberate and act free from any influence from or without the court. And, though a constituent part of the court, it is in many respects an independent tribunal, exercising judicial functions; and, after it is impaneled as such, its actions and proceedings, in a large measure, are carried on under the supervision and direction of its foreman. Its duties are prescribed by the law, and it is required to diligently inquire, and true presentment make, of all offenses committed or triable within the county of which it has or can obtain legal evidence. It is charged with the duty of presenting to the court, by way of indicting, all parties guilty of public offenses, triable upon indictment, within the county. It shall leave no one unpresented through fear, favor, or affection, and shall present no one through malice, hatred, or ill will. While sitting as an accusing body, the county attorney has, under the law, the right, expressly given to him, to appear before the body for the purpose of examining witnesses before it, for the purpose of giving it legal advice, for the purpose of procuring subpœnas, or other process for witnesses; and, when its work is done, it is his duty to prepare bills of indictment and submit them to the grand jury for their approval and indorsement.

In Cyc. vol. 17, under the head of Jury and Jury Trials, we find the following: "The powers of the grand jury extend only to questions of crime. Its functions are not executive but *judicial*. It is, in fact, a preliminary tribunal, and it is furnished with inquisitorial powers only for the purposes of

examining crimes. As to the offenses which a grand jury has power to investigate, it has the same jurisdiction as the court upon which it is in attendance, and it must derive its powers and exercise its functions under the authority of a legally constituted court." See *In re Gardiner,* 31 Misc. Rep. 364 (64 N. Y. Supp. 760) ; *Pankey v. People,* 2 Ill. (1 Scam.) 80.

In the case of *Keitler v. State,* 4 G. Greene, 291, this court, speaking of the grand jury as a body, and referring to it as a body, said: *"This tribunal* is invested with no ordinary powers. Their power to accuse a citizen of any offense without his presence and without evidence in his favor, their power to cast upon a citizen the odium of an indictment for a criminal offense, shows the importance of enforcing those prudential regulations which the law requires in their selection," from which it appears that this court way back in 1854 understood that a grand jury was a tribunal, and so nominated it, and we assume that the Legislature understood this word to include a grand jury, and used the word advisedly in this sense when extending the powers of the Attorney General.

In the charge of Justice Field to the grand jury, reported in 2 Sawy. 667 (Fed. Cas. No. 18,255), he so nominated the body, using the words: "That the grand jury was, at the time of the settlement of this country, an informing and accusing *tribunal."*

In constructing or interpreting a statute, it is important to consider what the law was before its enactment, and what particular evils or wrongs were intended to be remedied by it.

3. Statutes: construction.

It must be so construed as to carry out the legislative intent.

As stated in *Hascall v. Burlington,* 30 Iowa, 232, three things are to be considered: The old law, the mischief, and the remedy; how the old law stood at the time of making the act, the mischief for which the law did not then provide; the remedy, provided by the statute, to cure the mischief,

The intent of the Legislature is the object to be sought for in construing legislative enactments, and construction and interpretation are resorted to for that purpose only. Where the legislative intent is clearly expressed, it is the duty of the court to give force and effect to such intent. Here the Legislature has said that the Attorney General shall appear for the state before any court or tribunal when, in his judgment, the interests of the state require it. In the light of the evident purpose of this statute, and in recognition of the fact that our court and other courts, in speaking of this body (the grand jury), have denominated it a tribunal, there is no escape from the conclusion that the Legislature, in the use of this word, referred to and included the grand jury.

The right to appear before the grand jury having been granted by statute to the Attorney General, this right could not be denied him by the court, and we hold, therefore, that the court exceeded its jurisdiction in denying the Attorney General in this case the right to appear before the grand jury, upon his request, and the order is therefore *Annulled.*