Alfred Lee GATTON, Appellant,

v.

Lou V. BREWER, warden, Appellee.

No. 61249.

Supreme Court of Iowa.

July 26, 1978.

Patricia M. Hulting, Muscatine, for appellant.

Richard C. Turner, Atty. Gen., Ray W. Sullins, Asst. Atty. Gen., David W. Newell, County Atty., for appellee.

Considered by MOORE, C. J., and LeGRAND, REES, REYNOLDSON, and MASON, (serving after June 14, 1978, by special assignment), JJ.

MASON, Justice (Serving by special assignment).

Alfred Lee Gatton appeals from denial of that part of his application for postconviction relief in which he claimed his sentence was improper.

July 13, 1966, Gatton was charged by county attorney's information with murder in the first degree. In the minutes of testimony attached to this information, several witnesses stated they had observed Gatton shoot and kill his ex-wife.

November 14, Gatton pled guilty to the charge of second degree murder in violation of section 690.3, The Code, 1966. At the hearing on this matter, the court stated:

"And the court feels, after examining the file and going into the facts with the par-

ties that happen to know the facts, that on a plea of guilty of second degree murder *he is going to sentence you to ninety-nine years* at Fort Madison, Iowa. Do you understand that?" (Emphasis supplied).

Later, at another point of the proceedings had that day, the court stated:

"Therefore, it will be the sentence of the court you be sentenced to a period of *not to exceed ninety-nine years* in the State Penitentiary at Fort Madison, Iowa. * * *." (Emphasis supplied).

Gatton did not challenge this sentence at the time it was imposed or by post-trial motion or by appeal.

June 27, 1977, Gatton filed an application for postconviction relief. In this application he contended in part as follows:

"8. Applicant states, his denial of due process of law by improper sentence of indeterminate number of years of 'not to exceed' 99 ninety nine years. Indeterminate sentence is not applicable to murder charge."

May 9, Gatton filed an application for appointment of substitute court reporter stating therein that the original reporter (of the guilty plea and sentencing hearing) was disabled and unable to transcribe his shorthand notes. Attached to the application was the affidavit of the original court reporter to the effect he was at that time disabled in that he had cataracts and was unable to transcribe his shorthand notes. The court granted the application and a different court reporter transcribed the notes.

This reporter attached to his transcription his certification that he had transcribed the notes to the best of his ability into typewritten form but explained that he was unable to translate certain portions of these notes and had marked those portions accordingly. In the previously set out portion of the transcript quoting the comments of the trial court, no indication was given by the transcriber that he had been unable to translate these portions of the notes.

July 28, the court held a hearing on Gatton's application for postconviction relief.

After this hearing the attorneys apparently submitted to the court briefs on the matters raised in the application.

In his brief at that stage Gatton stated:

"The Petitioner was sentenced to an indeterminate sentence not to exceed 99 years. Section 789.13 of the 1977 Code of Iowa which provides for indeterminate sentences, does not apply to murder convictions.

"The Petitioner appeals the indeterminate sentence on the grounds that it is too indefinite, is excessive and should not be permitted to stand. * * * [citing authorities].

"CONCLUSION

" * * * [A]nd the sentencing was improper in that it was an indeterminate sentence."

The State responded in its brief as follows:

" * * * Defendant's argument regarding the so called indeterminate sentence is not valid. The court (transcript p. 9) told Defendant he would be sentenced to 99 years at Fort Madison. In formally passing sentence, the court either inadvertently injected the words 'not to exceed' in its sentence, or the reporter erroneously included these words, or the reporter preparing the transcript read these words from the first reporter's notes. Whichever of these explanations is correct makes no difference. The record can be corrected by striking the words 'not to exceed' from the courts [sic] sentence. The sentence is within statutory limits and is well deserved if the crime was committed as appears in the transcript. There has been no prejudice to Petitioner even if this was the sentence of the court as the sentence would actually be more lenient than that which the court said it intended to impose."

September 2, the court denied Gatton's application for postconviction relief. The court found that as to " * * * defendant's second complaint that he was sentenced under the indeterminate sentence law rather than to a specific term of years,

we find no merit in that complaint. It is the effect of the language and not the verbiage that is important. Defendant was sentenced not to exceed 99 years. The phrase 'not to exceed' is mere surplusage and can be disregarded."

Although neither party before us has mentioned this fact and the court did not take note of it in its denial of Gatton's application, we note that in the record there appears a calendar entry signed by Judge Nathan Grant, the presiding judge at the plea and sentencing hearings. This entry, dated July 15, explains defendant pled guilty to second degree murder and then waived time for sentencing. It contains the following statement:

" * * * It is the judgment and sentence of the Court that the Defendant be and he hereby is sentenced to a term *not to exceed ninety-nine (99) years* in the State Penitentiary at Fort Madison, Iowa. * *." (Emphasis supplied).

Gatton appeals the denial of his application for postconviction relief. In his brief before this court he posits the following issue for review:

"Where the Appellant was sentenced to a prison sentence not to exceed ninety-nine years, such indeterminative sentence was improper, as Iowa Code Section 789.13 does not apply to murder convictions."

In its brief before us, the State contends Gatton waived his right to postconviction relief on this issue because it was not raised at the sentencing hearing or by post-trial motion or by appeal. It further urges waiver because in Gatton's application he did not show cause why this issue was not so raised.

In his reply brief Gatton contends the State waived its own right to make this argument because the waiver argument was neither asserted by the State as an affirmative defense to his application nor raised sua sponte by the court below.

I. Under the facts presented by this record it is our view that the various waiver issues raised by the State and the petitioner are not pertinent to a determination of the question raised by Gatton in his appeal from denial of postconviction relief.

■ Petitioner contends his sentence was improper because it was for an indeterminate number of years. He maintains section 789.13, The Code, 1966, which provided for indeterminate sentences does not apply to convictions for murder.

Section 789.13, The Code, 1966, provided as follows:

"When any person over sixteen years of age is convicted of a felony, *except* treason or *murder or any crime the maximum penalty for which is life imprisonment,* the court imposing a sentence of confinement in the penitentiary, men's or women's reformatory shall not fix the limit or duration of the same, but the term of such imprisonment shall not exceed the maximum term provided by law for the crime of which the prisoner was convicted." (Emphasis supplied).

It is clear section 789.13 does not apply to a person convicted of murder. *State v. Jackson,* 251 Iowa 537, 546, 101 N.W.2d 731, 736; *State v. Faught,* 254 Iowa 1124, 1134–1135, 120 N.W.2d 426, 432. Sentence may not be pronounced under this statute when a conviction is for such offense. *State v. Jackson, id.*

■ Section 690.3, The Code, 1966, provided:

"Whoever commits murder otherwise than as set forth in section 690.2 [murder in the first degree] is guilty of murder in the second degree, and shall be punished by imprisonment in the penitentiary for life, or for a term of not less than ten years."

This statute required sentences to a specific term of years rather than an indeterminate or indefinite term.

■ Since the sentence as imposed was not permitted by statute, it is void. *State v. Wiese,* 201 N.W.2d 734, 737 (Iowa 1972), citing *State v. Hopp,* 190 N.W.2d 836 (Iowa 1971).

■ We disagree with the trial court's finding that the sentencing court's use of

the phrase "not to exceed" was mere surplusage which could be disregarded. The following statement from *State v. Jackson*, 251 Iowa at 546, 101 N.W.2d at 736–737, is apposite:

" * * * The judgment of the trial court should be stated so certainly that the warden or other officer may understand and execute it. * * * [citing authorities].

"Measured by this rule, we find the sentence too indefinite to be permitted to stand. Whether the trial court attempted to sentence under the indeterminate sentence law we do not know. The words 'not to exceed' give that impression; they are commonly used when sentencing under that act. But what the court did is of far more importance than what it thought it was doing. A sentence of 'not to exceed' seventy years for murder lacks certainty, and gives the officers of the state penitentiary no sufficient knowledge of what it may be. Any term of years from seventy down at least to ten, the minimum sentence permitted by the statute, meets the stated requirement of 'not to exceed seventy years.' "

The judgment is vacated. Although we were granted authority under section 793.-18, The Code, and have like power under section 814.20, Iowa Criminal Code, to enter a proper sentence, we prefer to remand the case for a sentencing hearing to be conducted within 30 days from the filing of this opinion by the sentencing judge in the original criminal case at which hearing petitioner shall be accorded the right to be present and to be heard in person and by counsel.

■ The concept of preservation of error which is the basis of the State's waiver argument is not pertinent to the factual situation presented here where a void sentence was imposed.

II. Petitioner's contention that he should be sentenced under the 1978 Criminal Code is governed by this court's ruling in *Cartee v. Brewer*, 265 N.W.2d 730 (Iowa 1978). The contention is without merit.

Judgment vacated; the cause remanded for resentencing.