STATE of Iowa, Appellant,

v.

Michael Dean OHNMACHT, Appellee.

No. 83–311.

Supreme Court of Iowa.

Dec. 21, 1983.

Thomas J. Miller, Atty. Gen., and Richard L. Cleland, Asst. Atty. Gen., for appellant.

Vicki R. Danley, Sidney, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, SCHULTZ and WOLLE, JJ.

SCHULTZ, Justice.

The underlying issue presented by this appeal concerns the power of a sentencing judge to ignore the legislatively prescribed sentence and substitute his own conception of appropriate punishment because he believes the statutory sentence would result in a miscarriage of justice. We hold that a member of the judiciary lacks such authority and is bound to impose the sentence mandated by a valid statute.

The defendant, Michael Dean Ohnmacht, and two accomplices, Ernest Harper and Rodney Freeman, robbed the Shenandoah Pizza Hut and some of its patrons on November 18, 1981. At the time of the robbery, Harper and Freeman were armed with a rifle and a shotgun. The robbers were apprehended within a few hours of the offense, and most of the money was recovered.

As a result of his participation, defendant was charged with two counts of first degree robbery in violation of Iowa Code sections 711.1 and 711.2 (1981). Although Ohnmacht claimed that his two companions forced him to participate in the robbery, the jury returned a verdict and special interrogatory finding that (1) defendant was guilty of two counts of robbery in the first degree and (2) though defendant was not himself armed during the commission of the offense, other principals were. The other two participants pled guilty and were sentenced to a term of imprisonment not to exceed twenty-five years. Iowa Code § 902.7(1) (1981).

Defendant made a motion for a new trial but it was overruled by the court at sentencing on March 11, 1982. At the hearing, the judge, reasoning that the robbery of the Pizza Hut and its patrons was merely a single continuous offense, only sentenced the defendant on one count. In lieu of imprisonment, the court suspended defendant's sentence and placed him on probation for a period of five years. It also fined him $4000 out of which his court appointed attorney's fees, court costs, and restitution were to be paid. Defendant paid the fine and has remained on probation since the sentence was imposed.

At the sentencing hearing, the county attorney objected to defendant's sentence because the factual circumstances did not justify the disparity in treatment between the defendant and his co-participants in the offense. He did not object on the ground the sentence was illegal, nor did he subsequently seek appellate review.

Some time after sentencing, the attorney for a co-participant brought defendant's sentence to the attention of the Attorney General's office. The Attorney General then contacted the county attorney and received permission from him to pursue the matter further.

On October 12, 1982, the Attorney General filed a motion, pursuant to Iowa Rule of Criminal Procedure 23(5)(a), for correction

of defendant's sentence. A hearing was held on October 25, 1982. On March 14, 1983, the district court denied the State's motion on the following grounds: (1) the State waived its right to have defendant's sentence reviewed by failing to timely file notice of appeal; and (2) the parties entered a valid appeal bargain and the State is now estopped from any departure from it since defendant has detrimentally relied upon it and has done nothing to further subject himself to the court's jurisdiction.

■ Although defendant, both in district court and on appeal, conceded that his sentence is contrary to Iowa Code sections 902.7, 907.3 and 902.9 (1981), he insists that notions of waiver, estoppel and due process bar the State from seeking resentencing. He also challenges the Attorney General's authority to intervene in the case. The State argues that since defendant's sentence was invalid, it is subject to correction. Whenever an appeal involves constitutional issues, our review of such issues is de novo. *State v. Boone,* 298 N.W.2d 335, 337–38 (Iowa 1980). Before we address the propriety of resentencing, we first consider whether the Attorney General exceeded the scope of his authority when he became involved in this case.

■ *I. Authority of the Attorney General.* Defendant asserts that we should deny the State, for lack of jurisdiction, an opportunity to contest district court's ruling on the motion for correction. As we understand it, his argument rests on the fact that the county attorney did not appeal from sentencing nor did he initiate the motion for correction. In the absence of some action by the county attorney, defendant apparently claims the Attorney General did not have authority to act. Our review of the record indicates that the Attorney General acted upon the request of the county attorney. Even assuming he acted without such a request, we find no merit in defendant's contention.

In support of his claim that the Attorney General exceeded his authority, defendant relies on *State v. Gill,* 259 Iowa 142, 143 N.W.2d 331 (1966) where we stated: "Ordi- narily, a criminal case is under the control of the county attorney until the supreme court acquires jurisdiction, after which it is under the sole control of the attorney general." *Id.* at 143, 143 N.W.2d at 332. We observe initially that the authority of the Attorney General was not at issue in *Gill,* and this language was merely an attempt to alleviate any embarrassment of the Attorney General's office about the record made by the county attorney. *Id.*

Nevertheless, language in other cases strongly suggests that the Attorney General is without authority to act in criminal cases until the county attorney has initiated and perfected an appeal. *See State v. Fleming,* 13 Iowa 443, 444 (1862); *State v. Grimmell,* 116 Iowa 596, 598, 88 N.W. 342, 343 (1901); *Cosson v. Bradshaw,* 160 Iowa 296, 301–02, 141 N.W. 1062, 1064 (1913). Notwithstanding these cases, we believe the Attorney General had both the authority and a duty to move the district court for a correction of defendant's sentence.

The power and duties of the Attorney General are defined in Chapter 13 of the Iowa Code. This chapter provides in relevant part:

It shall be the duty of the attorney general, except as otherwise provided by law to:

Prosecute and defend all causes in the appellate courts in which the state is a party or interested.

*Prosecute and defend in any other court or tribunal, all actions and proceedings, civil or criminal, in which the state may be a party or interested, when, in his judgment, the interest of the state requires such action,* or when requested to do so by the governor, executive council, or general assembly.

Iowa Code §§ 13.2(1) and (2) (1983) (emphasis added). Since the statute explicitly empowers the Attorney General to prosecute and defend in all actions or *proceedings,* civil or *criminal,* before any *court* or tribunal whenever he feels the best interests of the state require such action, it necessarily must be read to support his motion

842

to correct defendant's sentence. The State has a paramount interest in ensuring that our laws, including sentence provisions, are faithfully executed. We conclude that the Attorney General acted within the purview of his statutory authority, and we disavow any dictum in our prior cases suggesting otherwise.

■ *II. Void sentence.* The sentence imposed on the defendant by the district court contravened the legislative mandate in several respects. First, the court, apparently acting on the authority of section 907.3, suspended defendant's sentence and placed him on probation. By its express terms, this statute does not apply to forcible felonies. The definition of forcible felony encompasses all robberies. Iowa Code § 702.11 (1981). Since defendant was convicted of first degree robbery, he was not eligible for a suspended sentence and probation in lieu of imprisonment.

Defendant's sentence was also contrary to section 902.7 which provides that an individual convicted of a forcible felony in which he used or represented that he had a firearm must serve a mandatory minimum of five years before he is eligible for parole. We have interpreted this section to apply to all principals convicted of forcible felonies involving the use of firearms whether or not a particular offender was himself armed. *State v. Sanders*, 280 N.W.2d 375, 377 (Iowa 1979). The jury found by way of special interrogatory that the other two participants were armed. Defendant's sentence should have included the mandatory minimum prescribed by section 902.7.

■ Finally, the court imposed a $4000 fine on defendant. A fine is not authorized by section 902.9(1) which governs sentencing in class "B" felonies. That section only permits a term of imprisonment not to exceed twenty-five years. *Id.* Iowa Code (1981). Robbery in the first degree is classified as a class "B" felony under Iowa Code section 711.2.

■ Despite the violation of these statutes, the defendant contends and the dis-

trict court ruled that his sentence was not subject to correction since the State did not file timely notice of appeal. Although the court and defendant repeatedly talk about an appeal, Iowa Code section 814.5 does not give the State the right to appeal from a final judgment. It does provide that discretionary review is available. Nevertheless, we cannot agree that failure to seek timely discretionary review of the imposed judgment and sentence waived the State's right to seek a correction of the sentence.

■ When the sentencing judge departed from the legislatively mandated sentence, the pronouncement became a nullity. "[T]he sentencing process is not the sole province of the judiciary. The legislature possesses the inherent power to prescribe punishment for crime, and the sentencing authority of the courts is subject to that power." *State v. Iowa District Court for Shelby County*, 308 N.W.2d 27, 30 (Iowa 1981). A sentence not permitted by statute is void. *State v. Burtlow*, 299 N.W.2d 665, 668 (Iowa 1980).

■ Under the record here, it is obvious the sentencing judge believed that legislative enactments could be circumvented. The reasons given by the court for the sentence evidenced legitimate concerns of a sentencing judge if, but only if, probation was an available alternative. At the hearing on the motion to correct the sentence, the sentencing judge stated on the record the reason for the sentence was because it "was the appropriate sentence in view of the circumstances despite what the legislature said ... and I think it's probably pretty well agreed by everybody here that to impose a mandatory sentence would be a gross miscarriage of justice.... The problem that we have here is the law the legislature passed." We cannot condone a sentencing court's indifference to valid legislation merely because it views it with disfavor. A court has no authority to mitigate punishment by providing for a sentence not authorized by statute. *State v. Burtlow*, 299 N.W.2d 665, 668 (Iowa 1980). Despite personal beliefs or good intentions, a sentencing court is bound to impose the sen-

tence prescribed by statute. The sentence in this case is void.

█ Void sentences are not subject to the usual concepts of waiver, whether from a failure to seek review or other omissions of error preservation. *See Burtlow,* 299 N.W.2d at 668; *State v. Wilson,* 294 N.W.2d 824, 826 (Iowa 1980); *Gatton v. Brewer,* 268 N.W.2d 185, 188 (Iowa 1978). We conclude the State did not waive its right to challenge the sentence simply because the county attorney failed to seek timely discretionary review of the district court's actions.

█ This conclusion finds additional support in Iowa Rule of Criminal Procedure 23(5)(a), the rule relied on by the Attorney General when he moved the district court for a correction of defendant's sentence. This rule states: "The court may correct an illegal sentence at any time." *Id.* The intended and obvious meaning of the language "at any time" is that an illegal sentence is subject to correction regardless of whether or not it was timely appealed. In *State v. Young,* 292 N.W.2d 432 (Iowa 1980), we rejected the State's contention that a defendant must first make a motion for correction of sentence pursuant to Rule 23(5)(a) before he can contest an illegal sentence on appeal. There, we stated: "[w]e do not suggest, of course, that a defendant would not have to proceed first under that rule if his time for appeal had otherwise elapsed...." *Id.* at 435.

Since the time for review had elapsed,[1] the Attorney General acted both properly and promptly by making a motion for correction when he first became aware of the illegal sentence. We hold that the district court erred in ruling that the State waived its right to have defendant's sentence corrected.

█ *III. Estoppel and due process.* In its ruling on the motion for correction of sentence, the sentencing judge also con-cluded that the State was estopped from departing from its appeal bargain. The court made a finding of fact that:

Prior to sentencing, the county attorney, defense counsel and the Court entered into an appeal bargain. The Court would overrule motions for a mistrial or for a new trial, the defendant would receive probation, pay a fine, submit to in-patient alcohol treatment, Defendant would not appeal, and the county attorney would not appeal. All parties derived benefit from the appeal bargain.

Although the county attorney admits that he told the judge he respected his decision and further that he did not seek review of the sentence, he has consistently denied acquiescing in any such bargain.

The defendant, on the other hand, insists that both the doctrine of estoppel and notions of due process bar the State from seeking resentencing. He claims imposition of a different sentence would violate due process since he detrimentally relied on the finality of his sentence and subsequently complied with the terms of his probation. Additionally, he contends the State is estopped from correcting his sentence because "the conduct of the county attorney constitutes a promise not to appeal." In his resistance to the motion to correct sentence, defendant described this conduct as follows: "[b]y failing to file notice of appeal within the required time the county attorney represented that no appeal would be taken." As noted by his argument, defendant's claim is not based on an express agreement but rather is premised on an agreement implied by conduct. Thus, even the defendant's own contentions do not support the court's finding of an express agreement.

█ Before we determine what agreement, if any, was made, we note that an individual has no vested right to prevent assessment of penalties authorized by statute even though they are greater. *State v.*

---

1. The time for seeking discretionary review is within ten days from the entry of a final judg-ment. Iowa Code § 814.4 (1981).

*Wiese,* 201 N.W.2d 734, 738 (Iowa 1972). *See also Safrit v. Garrison,* 623 F.2d 330, 332 (4th Cir.1980) ("[a] void or illegal sentence may corrected, even though the correction may result in an increase in the sentence."); *Garcia v. United States,* 492 F.2d 395, 397 (10th Cir.), *cert. denied,* 419 U.S. 897, 95 S.Ct. 178, 42 L.Ed.2d 142 (1974) ("The rule that the penalty of a sentence cannot be increased after the sentence is being served is applicable only when the sentence is legal and valid and within the minimum and maximum statutory sanction."). Since the possibility of a more severe penalty does not bar resentencing when the original sentence is invalid, defendant's claim for avoidance of resentencing must stand or fall on the alleged "appeal bargain."

■■■ Our own review of the record does not reveal any evidence, other than the district court's own pronouncements, supporting the existence of an appeal bargain. The record reflects that the county attorney vigorously objected to probation at the time of sentencing. This conduct is inconsistent with a previous agreement that supposedly included probation. Moreover, neither the defendant nor the court mentioned the alleged appeal bargain when the county attorney lodged his objection to the sentence. Even assuming arguendo that an appeal bargain existed, our decision in *State v. Howell,* 290 N.W.2d 355 (Iowa 1980), undercuts any estoppel or due process claims based on appeal bargain involving an illegal sentence.

In *Howell,* the defendant was originally given a six-month jail sentence and five years probation. Both the State and defendant appealed, but these appeals were subsequently dismissed pursuant to an agreement between defendant and State. Nearly two years later at a hearing for revocation of defendant's probation, that sentence was declared void, and Howell was resentenced. His second sentence was also illegal since the court again gave him probation, and the governing statute required mandatory imprisonment. On appeal, Howell argued that the State was estopped from challenging their original bargain and that having served his original sentence, it would violate due process to revoke the bargain and impose a five-year penitentiary term. *Id.* at 357. In rejecting both his estoppel and due process claims, this court stated:

We do not believe Howell can prevail either on his due process or estoppel contentions. Because it was invalid, the sentence upon which he relies was outside the power or discretion of the sentencing court. There is no hint of deception. Apparently the presiding judge, the prosecutor, and Howell's own counsel honestly misapprehended the power of the trial court. Surely it should not lie within the authority of bargaining counsel and a willing judge to thus reshape the parameters of allowable punishment. If Howell were to prevail upon either of these contentions we would be left the anomalous situation in which parties could make their own law whenever a judge could be persuaded to allow it. *Id.* at 358.

■■■ Although defendant seeks to distinguish this case on the basis that Howell violated his probation while he has done nothing further to subject himself to the court's jurisdiction, we think this distinction does not place him in a better position than Howell. First, the court's jurisdiction is not exhausted until a valid sentence is entered. *State v. Wiese,* 201 N.W.2d 734, 737 (Iowa 1972). Second, this distinction does not obviate the important policy considerations underlying the *Howell* decision. In fact, these policy concerns may be more pressing here than in *Howell.*

■■■ Unlike *Howell* where the sentencing court and parties honestly misapprehended the law, defendant's sentence was blatantly contrary to several statutes. At the hearing on the State's motion for correction, the sentencing court admitted it knew the sentence was illegal at the time it was imposed. The parties did also. If a defendant cannot rely on an invalid sentence imposed through the sentencing court's innocent misapprehension, a defend-

ant certainly cannot be allowed to rely on an illegal sentence imposed through the court's conscious disregard for the law. Nor do we believe the existence of an appeal bargain dictates a different result. Defendant is not entitled to rely on a bargain struck to uphold an illegal sentence. In sum, we find no merit in defendant's contentions that the doctrine of estoppel or due process prohibit the imposition of a valid sentence.

 The district court overruled defendant's motion for a new trial before sentence was imposed. Since the time for appeal does not begin to run until a valid judgment is entered, defendant will have an opportunity to appeal his conviction and the denial of his motion for a new trial.

Because we find that neither the concepts of due process, estoppel, or waiver preclude correction of defendant's sentence, the district court erred in overruling the State's motion for a correction of sentence. Accordingly, we reverse and remand to the district court for vacation of defendant's present sentence and the entry of a new sentence consistent with the law.

REVERSED AND REMANDED FOR SENTENCING.