STATE of Iowa, Plaintiff,

v.

**IOWA DISTRICT COURT FOR JOHNSON COUNTY, Defendant.**

**No. 99–1516.**

Court of Appeals of Iowa.

June 28, 2000.

**34** ■ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, J. Patrick White, County Attorney, and Emily Colby, Assistant County Attorney, for plaintiff.

Chad W. Thomas, University of Iowa Student Legal Services, and Terri L. Tjebkes, Student Legal Intern, Iowa City, for defendant.

Considered by VOGEL, P.J., and MAHAN and MILLER, JJ.

VOGEL, P.J.

The State petitioned for a writ of certiorari from a district court order granting Nikole Taylor a deferred judgment on her conviction for operating while intoxicated. Because we find the trial court erred in using the preliminary breath test result over the Intoxilyzer test result in granting the deferred judgment, we sustain the writ.

*Background facts.* Taylor was charged with operating while intoxicated in violation of Iowa Code section 321J.2 (1997). Erik Lippold, the arresting officer, administered a preliminary breath test, which indicated an alcohol concentration of .15. Taylor was arrested and, pursuant to the implied consent provisions of section 321J.6, was administered an Intoxilyzer

test. The result of this test indicated an alcohol concentration level of .161. Taylor entered a plea of guilty and requested the court grant her a deferred judgment. The district court complied with her request. The State now seeks certiorari from the court's order, alleging Taylor lacked eligibility for a deferred judgment under Iowa Code section 321J.2(3)(a).

■ *Scope of review.* Our review on certiorari is for the correction of errors at law. *State v. Iowa District Court for Polk County,* 581 N.W.2d 640, 643 (Iowa 1998). Our case law provides that criminal sentences not authorized by statute are void and cannot be permitted to stand. *State v. Draper,* 457 N.W.2d 600, 605–06 (Iowa 1990); *State v. Ohnmacht,* 342 N.W.2d 838, 842 (Iowa 1983).

■ *Preservation of error.* Taylor contends the State failed to preserve error by filing its writ of certiorari within thirty days from the allegedly illegal sentencing of the trial court. The State contends its filing was made within the thirty-day limitation. However, even if it was not filed timely, the State argues the thirty-day requirement is inapplicable because an illegal sentence may be corrected at any time. *See* Iowa R.Cr.P. 23(5)(a); *see also State v. Tornquist,* 600 N.W.2d 301, 307 (Iowa 1999). We have adopted the rule that the concept of error preservation is not available to the appellee when the appeal is from an illegal or void sentence. *Ohnmacht,* 342 N.W.2d at 843; *Gatton v. Brewer,* 268 N.W.2d 185, 188 (Iowa 1978). Accordingly, we reject Taylor's argument on error preservation and proceed to the merits.

*Eligibility of deferred judgment.* Taylor filed a written guilty plea to the charge of operating while intoxicated. Her written plea contained this statement: "I have read the Minutes of Testimony filed with the Trial Information and do not contest the accuracy of those minutes." The factual basis of her plea is found by reading her plea in conjunction with the trial infor-

mation and minutes of testimony. *See State v. Hightower*, 587 N.W.2d 611, 614 (Iowa App.1998) (holding the court may determine a factual basis for a guilty plea by reference to the minutes of testimony). The minutes of testimony contained the proposed testimony of the arresting officer, stating that the Intoxilyzer test results established an alcohol concentration of .161.

Taylor requested a deferred judgment from the trial court. The State, however, opposed this request, arguing Taylor was not eligible for such a judgment under Iowa Code section 321J.2(3)(a), which states:

[t]he court shall not defer judgment or sentencing, or suspend execution of any mandatory minimum sentence of incarceration applicable to the defendant under subsection 2, and shall not suspend execution of any other part of a sentence not involving incarceration imposed pursuant to subsection 2, if any of the following apply:

(1) If the defendant's alcohol concentration established by results of an analysis of a specimen of the defendant's blood, breath, or urine withdrawn in accordance with this chapter exceeds .15 . . .

The trial court found Taylor was eligible for a deferred judgment as her preliminary breath test results were .15 at the time of her arrest.

The State alleges the trial court erred in using the lower number rather than the more reliable Intoxilyzer result of .161, which would eliminate Taylor as a candidate for a deferred judgment. The Iowa Code, according to the State, plainly delineates the purpose of the preliminary breath test and excludes the results from use as evidence in a trial except for a limited purpose. Iowa Code section 321J.5(2) states:

The results of this preliminary screening test may be used for the purpose of deciding whether an arrest should be made or whether to request a chemical test authorized in this chapter, but shall not be used in any court action except to prove that a chemical test was properly requested of a person pursuant to this chapter.

The primary goal of statutory construction is to determine and give effect to the legislature's intent. *State v. Johnson*, 528 N.W.2d 638, 640 (Iowa 1995). That intent is evidenced by the words used in the statute. *State v. Adams*, 554 N.W.2d 686, 689 (Iowa 1996). In the absence of a legislative definition of a term or a particular meaning in the law, we give words their ordinary meaning. *State v. White*, 545 N.W.2d 552, 555 (Iowa 1996). The plain reading of this Code section establishes the limited use for the preliminary breath test. This test can be easily administered by officers in the field to determine whether an arrest should be made and whether a more accurate, reliable chemical test should be requested of the defendant. *State v. Deshaw*, 404 N.W.2d 156, 158 (Iowa 1987). That is how the preliminary breath test was used in this case. The Code section also plainly states the preliminary test may not be used in any court action except for the limited purpose so defined, which does not include use for determining a sentencing option.

While the minutes of testimony included both the results of the preliminary breath test and the Intoxilyzer test, the factual basis of the guilty plea could not be established by relying solely on the results of the preliminary test. Therefore the Intoxilyzer result of .161 was an essential fact supporting Taylor's plea. In choosing to rely on the results of the preliminary breath test over the Intoxilyzer test, the court selected a sentence not allowed by law under the facts of this case.

Therefore, we conclude the trial court erred in expanding the use of a preliminary breath test beyond the narrow delineations of section 321J.5(2) and exceeded its authority in granting Taylor a deferred judgment. Accordingly, we sustain the writ of certiorari and remand for resentencing.

**WRIT SUSTAINED.**