# IN THE COURT OF APPEALS OF IOWA

No. 13-1684
Filed December 24, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KYLE EUGENE WILKERSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Lyon County, John P. Duffy, Judge.


        Kyle Wilkerson appeals his conviction and sentence for assault with intent to commit sexual abuse. **APPEAL DISMISSED.**


        Melinda J. Folkens of Waagmeester Law Office, P.L.C., Rock Rapids, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, and Carl L. Petersen and Shayne Mayer, County Attorneys, for appellee.


        Considered by Danilson, C.J., and Doyle and Tabor, JJ. Sackett, S.J., takes no part.

**DOYLE, J.**

Kyle Wilkerson appeals his conviction and sentence for assault with intent to commit sexual abuse in violation of Iowa Code section 709.11 (2011). Wilkerson claims his guilty plea was not knowingly, intelligently, or voluntarily made because of ineffective assistance on the part of his counsel. He requests that his plea and sentence be vacated. Wilkerson's postconviction-relief proceeding is currently pending in the district court. Wilkerson's claims should be decided in that proceeding. We therefore dismiss this appeal.

Wilkerson was charged by trial information with sexual abuse in the third degree and burglary in the second degree, both class "C" felonies. Pursuant to a plea agreement, the State reduced the first of those charges to assault with intent to commit sexual abuse, an aggravated misdemeanor. On September 12, 2011, Wilkerson entered a written plea of guilty to the assault charge waived his right to file a motion in arrest of judgment, and judgment and sentence was entered on the misdemeanor.[1] The court sentenced Wilkerson to a two-year suspended sentence, ordered that he complete a residential treatment program, and imposed a special sentence pursuant to section 903B.1.[2]

Less than two months after being sentenced on the assault charge, a complaint was filed alleging Wilkerson had violated the terms of his probation.

---

[1] On the same date, Wilkerson pled guilty in open court to the burglary charge. The court accepted his plea after conducting the requisite colloquy with Wilkerson. Sentencing was set for a later date. He was given a ten-year suspended sentence pursuant to the terms of his plea agreement.

[2] Iowa Code section 903B.1 provides, in pertinent part, that persons convicted of certain class C felonies and greater offenses shall also be sentenced "to a special sentence committing the person into the custody of the director of the Iowa department of corrections for the rest of the person's life, with eligibility for parole as provided in chapter 906."

His probation was subsequently revoked in December 2011, and he was committed to the custody of the Department of Corrections for a period of no more than two years.

In February 2013, Wilkerson filed his application for postconviction relief claiming he had not been advised of the special sentence component of his assault conviction.[3]  In August 2013, Wilkerson filed a motion to correct an illegal sentence alleging the special sentence pursuant to section 903B.1 did not apply to aggravated misdemeanors.  The State agreed and requested the court to correct the sentence to reference section 903B.2,[4] the appropriate Iowa Code section.  On October 11, 2013, the district court entered its order sustaining Wilkerson's motion and sentenced Wilkerson "to a special sentence pursuant to Iowa Code Section 903B.2, rather than Section 903B.1 as previously ordered."  Wilkerson filed his notice of appeal on October 18, 2013.

Wilkerson does not appeal from any alleged error or irregularity in the resentencing but rather from his original plea and sentencing entered more than two years prior to his appeal.  Under Iowa Rule of Appellate Procedure 6.101(1)(b), a notice of appeal must be filed within thirty days after the filing of the final order or judgment.  Wilkerson acknowledges "the appeal in this case may appear untimely on the surface" but argues "because of the illegal sentence, this appeal was filed in a timely manner."  He relies on *State v. Hallock*, 765 N.W.2d 598, 602 (Iowa Ct. App. 2009).  There we said:

---

[3] As mentioned above, this action is currently pending in the district court.
[4] Iowa Code section 903B.2 provides that persons convicted of certain misdemeanors or class D felonies shall be sentenced to a special sentence like the one under section 903B.1, but for a period of ten years, not for a lifetime as provided under section 903B.1.

The State claims Hallock's appeal is untimely because it was filed more than thirty days after the court's initial judgment and sentence of November 21, 2007. Under Iowa Rule of Appellate Procedure 6.101, appeals in criminal actions must be taken within thirty days of the final judgment. A sentence is a final judgment in a criminal case, and, excepting statutory provisions, is the end of the case in regard to control of the sentencing court. *State v. Sullivan*, 326 N.W.2d 361, 363 (Iowa 1982). However, a sentencing court is bound to impose a sentence prescribed by statute. *State v. Ohnmacht*, 342 N.W.2d 838, 842-43 (Iowa 1983). A sentence not permitted by statute is void. *Id.* at 842; *see also* Iowa R. Crim. P. 2.24(5)(*a*) (stating the court may correct an illegal sentence at any time); *State v. Draper*, 457 N.W.2d 600, 606 (Iowa 1990) (noting when a sentencing court departs upward or downward from a legislatively authorized sentence, the pronounced sentence is a nullity subject to correction on appeal or later). Void sentences are not subject to the usual concepts of waiver, whether from a failure to seek review or other omissions of error preservation. *Ohnmacht*, 342 N.W.2d at 843. Thus, the time for appeal does not begin to run until a valid judgment is entered. *Id.* at 845.

The court's original judgment and sentence did not contain the mandatory special sentence set forth in section 903B.2, which our supreme court recently upheld against several constitutional challenges in *State v. Wade*, 757 N.W.2d 618 (Iowa 2008). Thus, a valid judgment was not entered until April 30, 2008, when the court amended its original sentence to comport with that statute. Hallock's appeal on May 13, 2008, from that order was therefore timely. *See Ohnmacht*, 342 N.W.2d at 845 (stating the defendant would have the ability to appeal his conviction upon entry of a valid judgment and sentence).

*Hallock*, 765 N.W.2d 602. We then went on to address the merits of Hallock's ineffective assistance of counsel claims.[5] The State suggests *Hallock* has been implicitly overruled by our unpublished decision of *State v. Borgstede*, No. 13-0802, 2014 WL 3748087, at *1 (Iowa Ct. App. July 30, 2014). There, a panel of this court held:

The case stands on an unusual position. The sentence was not corrected through a motion to correct sentence, but at the suggestion of the DOC. Borgstede does not appeal from any

---

[5] Hallock asserted his plea lacked a factual basis and was not knowing and voluntary. *Hallock*, 765 N.W.2d at 603-04.

alleged error or irregularity in the resentencing, but rather from the original plea and sentencing more than ten years ago. He has not preserved error on those claims because he did not timely appeal from those proceedings. *See* Iowa R. App. P. 6.101(1)(b) (notice of appeal must be filed within thirty days of the final order or judgment). Our supreme court has held our appellate courts have a "duty to refuse, on our own motion, to entertain an appeal" not timely filed. *See Doland v. Boone Cnty.*, 376 N.W.2d 870, 876 (Iowa 1985). Because Borgstede's claims relate to the performance of counsel during the 2003 hearing and he has failed to timely appeal from those proceedings, or after a denial of an application for post-conviction relief, we do not have authority to address his claims.

*Borgstede*, 2014 WL 3748087, at *1. To the extent there is any conflict between the two opinions, it need not be addressed here, for we cannot adjudicate Wilkerson's ineffective-assistance claim on the record before us.

Wilkerson's present challenge to his plea is made under an ineffective-assistance-of-counsel rubric. Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012); *see also State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004) ("Ordinarily, ineffective assistance of counsel claims are best resolved by postconviction proceedings to enable a complete record to be developed and afford trial counsel an opportunity to respond to the claim."). It is only the rare case where the trial record alone is sufficient to resolve a claim on direct appeal. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). This is not one of those rare cases.

If we determine the claim cannot be addressed on appeal, we preserve it for a postconviction-relief proceeding, regardless of our view of the potential viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Here, Wilkerson has a postconviction-relief proceeding pending. A complete record

can be developed there. *See Straw*, 709 N.W.2d at 133. Consequently, we dismiss Wilkerson's appeal.

**APPEAL DISMISSED.**