STATE of Iowa, Appellee,

v.

Schery Ann DRAPER, Appellant.

No. 88–592.

Supreme Court of Iowa.

June 20, 1990.

Rehearing Denied July 20, 1990.

Stanley E. Munger and David L. Reinschmidt of the Munger Law Firm, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and J. Keith Rigg, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO and NEUMAN, JJ.

McGIVERIN, Chief Justice.

Defendant Schery Ann Draper, her husband, Robert Draper, and three other individuals were charged by joint trial information with certain violations of the Iowa Controlled Substances Act, Iowa Code chapter 204 (1987). In addition, Drapers were alleged to be habitual offenders under Iowa Code section 902.8.

Schery's case was tried to the jury at the joint trial of all five defendants. The jury

found Schery guilty of two counts of delivery of a controlled substance (methamphetamine) in violation of Iowa Code section 204.401(1) (counts I and II); one count of possession of a controlled substance (methamphetamine) with intent to deliver in violation of Iowa Code section 204.401(1) (count III); and one count of possession of a controlled substance (marijuana) in violation of Iowa Code section 204.401(3) (count IV).

After the substantive offense verdicts were returned, Schery's habitual offender status was tried to the jury. The jury found Schery to be a habitual offender under Iowa Code section 902.8.

Schery's posttrial motions were overruled. The court entered judgments of conviction on the jury verdicts and sentenced Schery to a term of imprisonment not to exceed fifteen years on each of counts I, II and III, and one 180-day term of imprisonment on count IV, all terms to be served concurrently. The court ordered that Schery, as a habitual offender, not be eligible for parole until she served three years of her sentences on counts I, II and III in prison. *See* Iowa Code § 902.8.

The jury found Robert Draper guilty of the same counts on which it found Schery guilty, and also found Robert to be a habitual offender.[1] One of the other three codefendants (Patrick Harper, Schery's cousin, who lived in Drapers' home) died during the trial. The other two (Randy Frederick and Tommy Whinery) were convicted as charged, and sentenced.

Schery appealed her convictions and sentences. We transferred the case to the court of appeals.

In the court of appeals Schery argued, among other things, that the sentences given her by the district court on counts I, II and III are illegal because they are more harsh than authorized by the Iowa Code. The court of appeals held that the sentences on those counts are illegal because they are more *lenient* than allowed by the Iowa Code. That court affirmed Schery's

convictions but vacated the sentences on counts I, II and III, reasoning that on each of those counts the district court had imposed an illegal mandatory minimum prison sentence of three years under Iowa Code section 902.8 rather than the requisite five years under Iowa Code section 204.413. The case was remanded for resentencing on those counts.

We granted Schery's application for further review to consider the several issues raised therein.

After considering the record and arguments of counsel, we believe the court of appeals correctly decided the case. Of the issues raised on further review, only the sentencing issue merits discussion here. We, therefore, affirm the decision of the court of appeals and limit our discussion of the law to several aspects of the sentencing issue. We state the basic facts of the case for informational purposes.

I. *Background facts and proceedings.* With the help of an informant, Elias Spiro Zappas, Jr., undercover officer Mark Skaff of the Sioux City police department bought methamphetamine from Frederick and Whinery on four occasions in June 1987. In all, about $3400 worth of methamphetamine was purchased. Skaff wore a wireless transmitter as the deals were consummated.

The first two transactions occurred on June 2 and June 5, after which Frederick informed Skaff that future transactions would have to wait because his "main people" were "on a little vacation."

The third transaction occurred on June 16 when Skaff purchased methamphetamine packaged in a plastic vial with "Anco 100" imprinted on its bottom. Skaff paid for this methamphetamine with $600 in marked bills.

During their secretly taped conversations with Skaff on June 2, 5 and 16, Frederick and Whinery spoke about how they and several other people worked with a "boss" and "boss lady" in the illegal drug busi-

---

1. The opinion in Robert's appeal, *State v. Robert Draper*, filed today, is reported at 457 N.W.2d 606 (Iowa 1990).

ness. Frederick described how methamphetamine was packaged for sale on an "assembly line" using inositol to dilute the drug, at a house where they kept a police scanner tuned to police frequencies. Frederick explained that he could be reached over the telephone via his electronic pager, the number of which Whinery had previously given to Skaff.

Frederick was under surveillance for a time on June 18. He was observed driving to and entering Drapers' house in Sioux City immediately after telling Zappas that he (Frederick) was going to check on the availability of drugs for Skaff. Minutes after Frederick entered Drapers' house, Whinery telephoned Zappas to say that methamphetamine was available for the fourth transaction.

The fourth transaction occurred in the evening on June 19. For $2400, Skaff bought methamphetamine packaged in a plastic bag marked with an "O" in felt-tip pen. Frederick and Whinery were immediately arrested. Frederick's car was found to contain more methamphetamine and "Anco 100" vials. About 11:00 p.m., while Frederick and Whinery were being booked, a message came over Frederick's pager: "Randy, this is Schery. Give me a call at home."

Armed with a valid search warrant, officers of the Sioux City police department entered Drapers' house shortly after midnight.

From Drapers' kitchen the officers seized, among other things, a police scanner; a "Rolodex" open to the card with Frederick's name and pager number; a mirror with a straw, two razor blades, and methamphetamine on it; and a purse with Schery's driver's license, Robert's travel discount cards, $500 cash, and about $10,-000 worth of methamphetamine, some of it packaged in plastic bags marked with an "O" in felt-tip pen.

From Drapers' upstairs bedroom the officers seized three marked hundred-dollar bills Skaff had given Frederick and Whinery on June 16 in exchange for methamphetamine; a plastic bag of marijuana; another $10,000 cash; and an electronic detector of wireless transmitters, commonly called a "bug alert."

From a basement recreation room the officers seized plastic vials with "100 Anco" imprinted on the bottom; a bottle of inositol; plastic bags; a commercial heat sealer of plastic bags; a box containing a measuring scale, spoons, a razor blade holder, and a felt-tip pen; a grinder; and another scale.

In Harper's unlocked basement bedroom, the officers found a locked sea chest, with the key on a shelf. From the chest the officers seized over four ounces of marijuana; over $2400 cash; a large bag of pure methamphetamine and several small bags of pure and diluted methamphetamine, together worth over $27,000; a bag of inositol; and a photograph of Frederick and Harper in Harper's bedroom. From the room the officers seized, among other things, a scale, two glass vials of methamphetamine, and three boxes of plastic bags.

In short, the house was infested with drugs and drug sales paraphernalia. In light of the secretly taped conversations, many of the seized items linked Drapers, Whinery, Frederick and Harper to each other and to officer Skaff's drug purchases.

■ II. *The correct sentence.* Schery was convicted of three violations of Iowa Code section 204.401(1) with respect to methamphetamine. Methamphetamine is a schedule II controlled substance. Iowa Code § 204.206(4)(b). It is not cocaine or a narcotic drug. *See* Iowa Code § 204.101(18) (defining "narcotic drug" so as to exclude methamphetamine). As such, violation of section 204.401(1) with respect to methamphetamine is a class "D" felony. Iowa Code § 204.401(1)(b).

A. *The maximum sentence.* In sentencing Schery, the district court looked first to Iowa Code section 902.9 to determine the appropriate sentence for a class "D" felony. That statute provides, in relevant part:

The maximum sentence for any person convicted of a felony shall be that prescribed by statute or, if not prescribed by

statute, if other than a class "A" felony shall be determined as follows:

\* \* \* \* \* \*

2. An habitual offender shall be confined for no more than fifteen years.

\* \* \* \* \* \*

4. A class "D" felon, not an habitual offender, shall be confined for no more than five years....

Iowa Code § 902.9. The term "habitual offender" is defined in Iowa Code section 902.8, which provides:

An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of the person's conviction. A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years.

The jury found that Schery is a habitual offender under Iowa Code section 902.8. The district court concluded that the maximum prison sentence for each of Schery's three convictions under Iowa Code section 204.401(1) is no more than fifteen years. On each of counts I, II and III, the court sentenced Schery to a concurrent term of imprisonment not to exceed fifteen years.

■ Schery argues, however, that Iowa Code sections 902.8 and 902.9(2) do not apply to the sentencing of violators of the Iowa Controlled Substances Act. She asserts that because chapter 204 has its own enhancement provision applicable to second or subsequent violations of chapter 204—section 204.411[2]—the enhancement provi-

sion found in section 902.8 and applied through section 902.9(2) does not apply to anyone who violates chapter 204, whether section 204.411 applies or not. *See* Iowa Code § 204.411; *see also* Iowa Code § 204.414 (prescribing treble fine for any violation of chapter 204, except section 204.401(3)). Her theory is that chapter 204 is "comprehensive and all-encompassing" when it comes to sentencing its violators. Because these violations of chapter 204 are her first violations of chapter 204, Schery concludes that her maximum prison sentence on counts I, II and III can be no more than five years on each count, as provided by section 902.9(4).

We disagree. First, chapter 204 clearly was not intended to stand completely on its own in sentencing. As Schery's own conclusion admits, it is only by looking to chapter 902 that one can determine what sentence is to be imposed for many offenses under chapter 204. Section 204.-401(1)(b), for example, simply provides that the offenses of which Schery was convicted are class "D" felonies. One must look to section 902.9 to find the sentence for a class "D" felony. We think that includes not only subsection (4) of section 902.9 (five years for ordinary class "D" felonies), but also subsection (2) of section 902.9 (fifteen years for class "D" felonies by a habitual offender). Section 902.9 dovetails with section 204.401 by stating that it applies to the sentencing of "any person convicted of a felony" unless otherwise specified by another statute.

Second, Schery's interpretation of chapter 204 would lead to an absurd result. Any person whose third felony conviction was a non-chapter 204 felony would receive an enhanced prison sentence under section 902.8 for that conviction, whatever their two prior felonies. But a person whose

---

**2.** Iowa Code section 204.411 provides:

1. Any person convicted of a second or subsequent offense under this chapter, may be punished by imprisonment for a period not to exceed three times the term otherwise authorized, or fined not more than three times the amount otherwise authorized, or punished by both such imprisonment and fine.

2. For purposes of this section, an offense is considered a second or subsequent offense,

if, prior to the person's having been convicted of the offense, the offender has ever been convicted under this chapter or under any state or federal statute relating to narcotic drugs or cocaine, marijuana, depressant, stimulant, or hallucinogenic drugs.

3. This section does not apply to offenses under section 204.401, subsection 3.

third felony conviction was a chapter 204 felony and whose two prior felonies were non-chapter 204 felonies would not receive an enhanced prison sentence at all, because neither section 902.8 nor section 204.411 would apply. Surely the legislature did not intend that two-time felons who venture into the illegal drug trade for their third felony be treated more leniently than two-time felons whose third felony is a non-drug felony. Chapter 204 should be construed so as to avoid such an unreasonable and absurd result. *See, e.g., Metier v. Cooper Transp. Co., Inc.*, 378 N.W.2d 907, 913 (Iowa 1985).

We also are not persuaded by Schery's assertion that the absence of the adjective "criminal" before the word "civil" in section 204.404 means that section 902.8 does not apply to the sentencing of violators of chapter 204. Section 204.404 provides:

> Any penalty imposed for violation of this division [including section 204.401] shall be in addition to, and not in lieu of, any civil or administrative penalty or sanction otherwise authorized by law.

According to Schery, the language of this statute shows that any criminal penalty imposed by chapter 204 is in addition to any civil or administrative penalty otherwise authorized by law, but in lieu of any criminal penalty otherwise authorized by law.

For the sake of argument, we will accept this reading of the statute. In our view, the fifteen-year prison sentence Schery received on each of counts I, II and III is not a criminal penalty imposed *separate* from chapter 204 and, therefore, superseded by chapter 204 under Schery's reading of the statute. Rather, it *is* the "penalty imposed for violation of this division" referred to in section 204.404. Chapter 204 simply borrows from chapter 902 in setting the length of the sentence for certain violations.

The district court and the court of appeals were correct in holding that Schery's maximum indeterminate prison sentence is fifteen years on each of counts I, II and III.[3]

■ B. *The minimum sentence.* Pursuant to the last sentence of section 902.8, the district court ordered that Schery serve a mandatory minimum prison term of three years on each of counts I, II and III. The court apparently did not consider Iowa Code section 204.413 which provides, in relevant part:

> A person sentenced pursuant to section 204.401, subsection 1, paragraph "*a*" or "*b*" shall not be eligible for parole until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law.

Because Schery was being sentenced pursuant to section 204.401(1)(b) on each of counts I, II and III, her mandatory minimum prison sentence under section 204.413 would be one-third of fifteen years on each count, or five years.[4] Thus, under the circumstances of this case the last sentence of section 902.8 and the mandate of section 204.413 apparently conflict.

Schery, of course, did not argue to the court of appeals that she was erroneously sentenced to only a three-year minimum prison term. Consistent with her view of the maximum sentence in this case, Schery argued that the mandatory minimum prison sentence here is one-third of five years.

---

**3.** We express no opinion on the interplay between Iowa Code sections 204.411 and 902.9(2) in a situation where the terms of both might apply.

**4.** It is, perhaps, inaccurate to say that section 204.413 imposes a "mandatory minimum sentence," although that is the title of the code section. Under Iowa Code section 901.10, there are cases in which a minimum sentence under section 204.413 may be reduced by the sentencing court. Section 901.10 provides:

> A court sentencing a person for the person's first conviction under section 204.406, 204.-413, or 902.7 may, at its discretion, sentence the person to a term less than provided by the statute if mitigating circumstances exist and those circumstances are stated specifically in the record. However, the state may appeal the discretionary decision on the grounds that the stated mitigating circumstances do not warrant a reduction of the sentence.

This case is Schery's first conviction under Iowa Code section 204.413. On remand, the district court should consider any mitigating circumstances before sentencing Schery under section 204.413. *See State v. Beaver*, 429 N.W.2d 778, 780 (Iowa App.1988).

Having correctly concluded that the maximum sentence in this case is fifteen years, however, the court of appeals was faced with the choice between the mandatory minimum sentence provisions of section 902.8 and section 204.413.

The minimum sentence provision of section 902.8 is a sentencing rule of general application. It applies through section 902.9 to any third felony conviction unless otherwise prescribed by statute. *See* Iowa Code § 902.9. Section 204.413, on the other hand, is a specific and special statute applicable only to sentencing violators of sections 204.401(1)(a) and 204.401(1)(b). Because section 902.9 and, through it, section 902.8, defers to sentences prescribed by other statutes, the court of appeals correctly applied the mandatory minimum sentence provision of section 204.413 to the exclusion of the last sentence of section 902.8.

We also note that even if the two statutes were viewed as directly conflicting, the conflict would be resolved in favor of section 204.413 by resort to the well-established rule that when statutes conflict and cannot be reconciled, general statutory provisions must yield to special ones. Iowa Code § 4.7; *State v. Farley,* 351 N.W.2d 537, 538 (Iowa 1984).

The court of appeals was correct in holding that Schery's minimum prison term is five years on each of counts I, II and III, subject to discretionary reduction under Iowa Code section 901.10.

■ III. *Correction of an illegal sentence.* Iowa Rule of Criminal Procedure 23(5)(a) provides that "[t]he court may correct an illegal sentence at any time." A sentence that is not authorized by statute is an illegal sentence. *See, e.g., State v. Suchanek,* 326 N.W.2d 263, 265 (Iowa 1982). Rule 23(5)(a) means just what it says. *See State v. Ohnmacht,* 342 N.W.2d 838, 843 (Iowa 1983). Simply stated, when a sentencing court departs—upward or downward—from the legislatively authorized sentence for a given offense, the pronounced sentence is a nullity subject to correction, on direct appeal or later. *Id.* at 842–45; *Suchanek,* 326 N.W.2d at 265;

*State v. Young,* 292 N.W.2d 432, 435 (Iowa 1980).

Except by an exercise of its discretion under Iowa Code section 901.10, the district court was not authorized to depart from the plain language of Iowa Code section 204.413. That statute requires that Schery serve no less than five years in prison on each of counts I, II and III, but the district court ordered her to serve only three-year minimum terms on those counts. Schery does not even contend that the three-year terms were ordered pursuant to section 901.10; the record is clear that the district court simply did not consider sections 204.-413 and 901.10. Rather, its order was based on the mistaken belief that only the minimum sentence called for in the last sentence of section 902.8 applied. The three-year minimum prison terms ordered in this case are illegal and must be corrected. *Cf. State v. Washington,* 356 N.W.2d 192, 196–97 (Iowa 1984) (where district court failed to exercise discretion in sentencing because it erroneously believed that it had no discretion under the law, the case had to be remanded for resentencing).

Schery contends that even if a sentence is illegal, under Iowa law it may never be corrected if the error is in favor of the defendant. She bases this argument on Iowa Code section 814.20, which provides that on appeal from the district court, the appellate court may "order a new trial, or reduce the punishment, but shall not increase it."

In the first place, although the district court may increase Schery's sentence on remand, it may decide to leave it the same or even decrease it in light of mitigating circumstances that may exist in Schery's case. Under section 901.10, the court has discretion to reduce the mandatory minimum prison sentence specified in section 204.413. We express no opinion on what an appropriate sentence would be in this case.

In the second place, we do not agree that an illegal sentence may not be corrected if it is more lenient than allowed by law. Section 814.20 does not prevent correction of an illegal sentence by or at this court's

direction, in direct contravention of rule of criminal procedure 23(5)(a). At most, section 814.20 might preclude us from increasing a sentence imposed by the district court in cases where the district court's sentence is legal. Whatever the scope of this statute, correction of an illegal sentence is outside its prohibition.

We have stated many times that an illegal sentence is a nullity subject to correction, even though correction may result in an increase in the sentence on remand. *See, e.g., Ohnmacht,* 342 N.W.2d at 843–44; *State v. Burtlow,* 299 N.W.2d 665, 668 (Iowa 1980); *State v. Wiese,* 201 N.W.2d 734, 738 (Iowa 1972). Our law on this point is in accord with the general rule in the United States. *See* 21 Am.Jur.2d *Criminal Law* § 583 (1981 and Supp.1990); Annotation, *Power of Court to Increase Severity of Unlawful Sentence—Modern Status,* 28 A.L.R. 4th 147 (1984 and Supp. 1989).

Schery also asserts that to increase her sentences on remand would violate the due process and equal protection guarantees of the United States Constitution. U.S. Const. amend. XIV, § 1. She cites no authority or argument in support of her assertions. We deem the constitutional issues waived. Iowa R.App.P. 14(a)(3).

IV. *Disposition.* The decision of the court of appeals, the district court convictions and the judgment on count IV are affirmed. The sentences on counts I, II and III are vacated. The case is remanded for resentencing on those counts, consistent with this opinion.

DECISION OF THE COURT OF APPEALS AFFIRMED; DISTRICT COURT CONVICTIONS AFFIRMED, THREE SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.