# IN THE COURT OF APPEALS OF IOWA

No. 14-1949
Filed August 5, 2015

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**JODY CLIFFORD MYERS,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Fayette County, John J. Bauercamper, Judge.

Jody Myers appeals his sentence, following a guilty plea, for aiding and abetting the delivery of a controlled substance as a habitual offender. **AFFIRMED.**

James T. Peters, Independence, for appellant.

Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Wayne Saur, County Attorney, and J.D. Villont, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Jody Myers appeals the district court's correction of his sentence, following a guilty plea, for aiding and abetting the delivery of a controlled substance as a habitual offender. He asserts the district court erred by providing a more onerous sentence, in violation of the plea agreement, without notice or hearing, and in his absence. We conclude the district court properly corrected its original sentencing order given the previous imposition of the three-year mandatory minimum constituted an illegal sentence. With regard to Myers's other claims, they are waived; consequently, we affirm Myers's sentence.

In a hearing held on September 3, 2014, Myers entered a plea of guilty to aiding and abetting the delivery of less than five grams of methamphetamine, in violation of Iowa Code sections 124.401(1)(c)(6), 703.1, 902.9(3), and 902.8 (2013). The district court held the sentencing hearing immediately following the acceptance of the plea and imposed the agreed-to term of incarceration of fifteen years. The court incorrectly informed Myers that he would be required to serve a three-year mandatory minimum before he would be eligible for parole. The written sentencing order was consistent with the court's statement at the hearing.

On October 29, 2014, the court entered a supplemental sentencing order noting Iowa Code section 124.413(1)[1] applied due to Myers's conviction under section 124.401(1)(c)(6), and therefore, the mandatory minimum was one-third of the sentence imposed. Consequently, the supplemental order increased the mandatory minimum to five years but otherwise affirmed the original order. No

---

[1] The sentencing order stated section 124.13 was the applicable statute; however, this is clearly a scrivener's error, given the order properly quoted Iowa Code section 124.413(1).

hearing was held before the supplemental order was issued. Myers appeals the sentence.

We review challenges to the legality of a sentence for correction of errors at law. *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). To the extent Myers raises constitutional issues, our review is de novo. *See id.*

Iowa Code section 124.413 is a statute that requires the defendant serve a one-third mandatory minimum of the maximum sentence imposed, when he is convicted pursuant to section 124.401. *See id.* § 124.413(1) ("A person sentenced pursuant to section 124.401 . . . shall not be eligible for parole until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law."); *see also State v. Draper*, 457 N.W.2d 600, 604–05 (Iowa 1990).[2] A sentence that is too lenient, that is, one that only requires the defendant to serve less than the one-third mandatory minimum, constitutes an illegal sentence. *See Draper*, 457 N.W.2d at 605.

Here, the term of incarceration Myers was ordered to serve was fifteen years, and therefore, pursuant to section 124.413, the mandatory minimum was five years. Thus, the court's original sentence imposing a three-year mandatory minimum constituted an illegal sentence. *See Draper*, 457 N.W.2d at 605 (noting the district court is not permitted to disregard the mandates of the statute specifically defining mandatory minimums). An illegal sentence may be corrected at any time. *See Bruegger*, 773 N.W.2d at 871–72. Consequently, the

---

[2] Iowa Code section 124.401 (2013) has been transferred from Iowa Code section 204.413 (1993), the code section to which *Draper*, 457 N.W.2d at 604-605, refers; however, the mandates contained in the statute remain the same. *Compare* Iowa Code § 124.401 (2013), *with id.* § 204.413 (1993).

district court properly entered a substituted order imposing the five-year mandatory minimum, rather than its original three-year minimum.

Myers also claims his procedural rights were violated because the district court did not provide him a hearing or notice, and it did not follow the plea agreement. However, the plea agreement in this record has no mention of the mandatory minimum. In addition, Myers failed to cite any authority for his arguments; consequently, they are waived. *See* Iowa R. App. P. 6.903(2)(g)(3); *see also Pierce v. Staley*, 587 N.W.2d 484, 486 (Iowa 1998). Finally, we note, Myers does not claim his plea was involuntary or unintelligent. *See* Iowa R. Crim. P. 2.8(2)(b). Therefore, we affirm the district court's sentencing and supplemental sentencing orders.

**AFFIRMED.**