# IN THE COURT OF APPEALS OF IOWA

No. 16-0017
Filed February 8, 2017

**CHAVEZ MARTEZ-NASH,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

Chavez Martez-Nash appeals from the denial of his postconviction-relief application. **AFFIRMED.**

Blake D. Lubinus of Lubinus Law Firm, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Chavez Martez-Nash appeals from the denial of his postconviction-relief (PCR) application. On appeal, Martez-Nash argues the district court erred in (1) finding his trial counsel did not render ineffective assistance and (2) determining his sentence was not unconstitutional. We affirm.

## I.     Background Facts and Proceedings

In 2012, the State charged Martez-Nash with murder in the first degree and criminal gang participation. He was seventeen years old at the time of the crime. Martez-Nash entered a plea agreement whereby he waived his right to speedy trial and pled guilty to four lesser charges: (1) willful injury causing serious injury, a class "C" felony; (2) intimidation with a dangerous weapon, a class "C" felony; (3) reckless use of a firearm, a class "C" felony; and (4) criminal gang participation, a class "D" felony. Prior to entering the guilty plea, Martez-Nash discussed the plea agreement with his trial counsel. Counsel told Martez-Nash when he may become eligible for release—estimating that he may be in prison for two years and nine months—but did not make any guarantees as to a particular date when his sentence would be discharged.

The district court accepted Martez-Nash's guilty plea. Martez-Nash requested immediate sentencing, and the district court sentenced him to the maximum term for each count to run consecutively, totaling thirty-five years. There was no mandatory minimum period of incarceration before Martez-Nash would be eligible for parole.

Martez-Nash did not appeal his plea or sentence but instead filed this PCR application after he learned it was unlikely he would be released from prison

after two years and nine months. He claimed he accepted the guilty plea based on his attorney's representations as to when he would be released from prison. Martez-Nash also claimed his sentence was unconstitutional.

The district court denied all of Martez-Nash's PCR claims. Martez-Nash timely appeals.

## II. Scope and Standard of Review

The denial of a PCR application is generally reviewed for correction of errors at law. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). However, PCR applications that raise an ineffective-assistance-of-counsel claim are reviewed de novo. *See id.* Claims of illegal sentences are ordinarily reviewed for the correction of errors at law, but "[w]hen, as here, the [applicant] mounts a constitutional challenge to an allegedly illegal sentence, the standard of review is de novo." *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013).

## III. Analysis

### A. Ineffective Assistance of Counsel

Martez-Nash first claims his counsel rendered ineffective assistance by allegedly misinforming him about when his sentence would be discharged and in failing to challenge the constitutionality of his sentence. To prove his ineffective-assistance-of-counsel claim, Martez-Nash is required to prove by a preponderance of evidence that "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *See State v. Shaw*, 709 N.W.2d 128, 133 (Iowa 2006); *accord Strickland v. Washington*, 466 U.S. 688, 687 (1984). Failure to prove either element is fatal to the appellant's claim. *See King v. State*, 797 N.W.2d 565, 571 (Iowa 2011) ("The applicant must prove both

elements by a preponderance of the evidence."); *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003) ("A defendant's inability to prove either element is fatal."). Thus, "[w]e can resolve ineffective-assistance-of-counsel claims under either prong" without having to resolve the other. *State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015); *see also Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) ("If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element.").

To meet his burden under the prejudice prong, Martez-Nash is required to show, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Martez-Nash's claim involves a guilty plea, and thus, he is required to show "a reasonable probability that, but for counsel's errors, [Martez-Nash] would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138. Martez-Nash concedes he does not want to disturb the guilty plea and proceed to trial, "[h]e merely wants the benefit of the bargain he made with the State." Martez-Nash has failed to show there is a reasonable probability he would have proceeded to trial had his trial attorney not allegedly misinformed him about the length of his sentence. *See id.*

Additionally, the remedy Martez-Nash seeks here is unavailable to him. Martez-Nash seeks to vacate his sentence "so that his discharge can be reset to two years and nine months from the date of his sentencing," or, in the alternative, have this matter remanded so that he can receive a full hearing regarding mitigating circumstances, such as his age. "[S]entences imposed without statutory authorization are illegal and void." *State v. Louisell*, 865 N.W.2d 590,

597 (Iowa 2015). "[L]egislative determinations of punishment are entitled to great deference." *State v. Bruegger*, 773 N.W.2d 862, 872–73 (Iowa 2009). "[T]he sentencing process is not the sole province of the judiciary. The legislature possesses the inherent power to prescribe punishment for crime and the sentencing authority of the courts is subject to that power." *State v. Iowa Dist. Ct.*, 308 N.W.2d 27, 30 (Iowa 1981). The sentencing court cannot invade the province of the legislature and executive branches. *See State v. Remmers*, 259 N.W.2d 779, 785 (Iowa 1977). A criminal sentence is null if the "sentencing court departs—upward or downward—from the legislatively authorized sentence for a given offense." *State v. Draper*, 457 N.W.2d 600, 605 (Iowa 1990); *see also State v. Ohnmacht*, 342 N.W.2d 838, 842 (Iowa 1983). The sentencing court is authorized to set the maximum length the prisoner will serve, within the bounds of the law, but it is the province of the parole board to determine the minimum term of the defendant's incarceration. *See* Iowa Code §§ 902.3, .9, 906.3 (2016); *see also Remmers*, 259 N.W.2d at 783–85 ("In sentencing defendant . . . the trial court was limited to selecting the maximum term of incarceration. . . . The ultimate determination of the length of sentence this defendant will actually serve within the maximum rests with the parole board."). The court cannot order Martez-Nash be sentenced to the determinate term as he requests nor can it order a specific time for parole. *See Remmers*, 259 N.W.2d at 785.

Thus, on our de novo review, we determine Martez-Nash has failed to prove his trial attorney's conduct prejudiced him. We need not decide whether Martez-Nash's trial counsel's conduct breached an essential duty. We affirm the

district court's dismissal of Martez-Nash's claim for ineffective assistance of counsel.

### B. Illegal Sentence

Next, Martez-Nash claims his sentence was unconstitutional under both the federal and state constitutions, citing *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014), and subsequent cases.

In *Lyle*, the Iowa Supreme Court held "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause in article I, section 17 of [the Iowa] constitution." 854 N.W.2d at 400. But, the *Lyle* court made clear:

> [T]he specific constitutional challenge raised on appeal and addressed in this opinion concerns the statutory imposition of a minimum period of incarceration without parole equal to seventy percent of the mandatory sentence. The holding in this case does not address the mandatory sentence of incarceration imposed under the statutory sentencing schema or any other issues relating to the sentencing schema.

*Id.* at 404 n.10. Additionally, the supreme court stated its holding "does not prohibit judges from sentencing juveniles to prison for the length of time identified by the legislature for the crime committed, nor does it prohibit the legislature from imposing a minimum time that youthful offenders must serve in prison before being eligible for parole." *Id.* at 403.

Two of the charges to which Martez-Nash pled guilty—willful injury causing serious injury, in violation of Iowa Code section 708.4, and intimidation with a dangerous weapon, in violation of section 708.6—are forcible felonies under section 702.11(1) and are therefore ineligible for probation. *See* Iowa Code § 907.3 ("Pursuant to section 901.5, the trial court may, upon a plea of

guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered, exercise any of the options contained in this section. However this section does not apply to a forcible felony . . . ."). Martez-Nash argues his ineligibility for probation creates a mandatory period of incarceration and thus his sentence is unconstitutional under *Lyle*'s holding. Additionally, Martez-Nash argues the district court erred in failing to give him an individualized hearing to make specific findings with regard to his age. *See Lyle*, 854 N.W.2d at 403 (requiring that district courts, when the sentence contains a mandatory minimum, "carefully consider all of the circumstances of each case to craft an appropriate sentence and give each juvenile the individual sentencing attention they deserve and the constitution demands")

Martez-Nash's sentences did not have mandatory minimums. "Our appellate courts have declined to extend the individualized sentencing requirement for juveniles to sentences without mandatory minimum terms." *State v. Hudson*, No. 14-1974, 2016 WL 530801, at *2 (Iowa Ct. App. Feb. 10, 2016). A juvenile offender is not entitled to parole and "[t]he State is not required to make such a guarantee." *State v. Sweet*, 879 N.W.2d 811, 839 (Iowa 2016). Though two of the charges to which he pled guilty are ineligible for probation, Martez-Nash's sentences did not contain mandatory minimums; therefore, *Lyle* is inapplicable and Martez-Nash's sentences are not unconstitutional under that holding. *See State v. Means*, No. 14-1367, 2015 WL 6509741, at *9–10 (Iowa Ct. App. Oct. 28, 2015) (declining to extend the holdings of recent juvenile sentencing decisions to cases in which juvenile offenders do not face any mandatory minimum terms of incarceration); *State v. Marshall-Limoges*, No. 14-

1610, 2015 WL 4936265, at *1 (Iowa Ct. App. Aug. 19, 2015) (rejecting defendant's request to extend the requirement to consider *Miller* factors to the imposition of any prison sentence on a juvenile defendant). Nor was Martez-Nash entitled to an individualized hearing on his age. *See Means*, 2015 WL 6509741, at *9; *Marshall-Limoges*, 2015 WL 4936265, at *1.[1] Therefore, on de novo review, we affirm the district court's denial of Martez-Nash's claim that his sentence is illegal.

## IV. Conclusion

We affirm the district court's denial of Martez-Nash's PCR application.

**AFFIRMED.**

---

[1] The sentencing court recited the serious nature of the charges, the facts of the case, and the plea agreement as reasons for the sentence. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (holding, when the reasons for the sentence "are obvious in light of the [district court's] statement and the record before the court," a "terse and succinct" statement as to the court's reasons for the sentence is sufficient).